**ELLEN STOEBLING, ESQ.**
**Nevada Bar No. 003166**
3085 E. Russell Road
Suite F
Las Vegas, NV 89120
702-458-9166
ellen@stoebling.com
Attorneys for Debtors

E Filed: 10/14/09

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re<br>**TIMOTHY L. HARRIS**<br>**ELIZABETH A. HARRIS**<br><br><br><br>Debtors. | Case No. BK-S-08-10239-BAM<br>Chapter 13<br><br>OPPOSITION TO MOTION FOR RELIEF<br>FROM THE AUTOMATIC STAY<br><br>Hearing Date: November 3, 2009<br>Hearing Time: 1:30 p.m. |

**OPPOSITION TO MOTION FOR THE RELIEF FROM THE AUTOMATIC STAY FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006 NC3**

Comes Now, Debtors , TIMOTHY L. HARRIS and ELIZABETH A. HARRIS , by and through their attorney, ELLEN STOEBLING, ESQ., and respectfully requests this Court to deny the Motion for Relief From Automatic Stay filed by DEUTSCHE BANK NATIONAL TRUST COMPANY,  AS TRUSTEE , by and through its attorney, GREGORY L. WILDE,  ESQ.

### POINTS AND AUTHORITIES

11 USC Section 362 (d) (1) states that the Court may terminate, modify or condition stay

> "for cause, including the lack of adequate protection of an interest in property of such party in interest;---"

...

-1-

1

2  11 USC Section 362 (d) (2) the Court may terminate, modify or condition a stay

3        "with respect to a stay of an act against property under
         subsection (a) of this section, if-

4

5        (A)    the debtor does not have an equity  in such
                property AND

6        (B)    such property is not necessary to an effective
                reorganization

7

8

9                          **STATEMENT OF FACT**

10        Debtor's property has liens of approximately $301, 670.00  for the property located

11  at 7816 Ducharme Avenue, Las Vegas, NV 89145 , and the home is necessary for an

12  effective reorganization.

13        11 USC Section 362 (d) (1) may apply as:

14        1.      A Motion to Lift Stay was filed on or around October 8, 2009  by

15  DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, by Attorney Greg Wilde,

16  stating that Debtor's are delinquent 3 months in post -petition arrears;(See Exhibit 1 -

17  Docket Entry #125).

18        2.      Debtor's do not know who DEUTSCHE BANK NATIONAL TRUST

19  COMPANY  is or how it pertains to their  property as the Deed of Trust attached to

20  Attorney Wilde's Motion makes no mention of DEUTSCHE BANK NATIONAL TRUST

21  COMPANY, but rather NEW CENTURY MORTGAGE CORPORATION as the secured

22  lienholder ( Docket Entry 125).

23        3.      Debtor's Schedules filed with their  Chapter 13 bankruptcy show a first

24  mortgage through HOME EQUITY SERVICING CORPORATION and second mortgage

25  through CARRINGTON MORTGAGE. (See Schedule D of Debtor's petition).

26

27

28

4.  Debtor's have made all post petition mortgage payments;

5. Debtor requests a payment history from Deutsche Bank National Trust Company, as Trustee.

6.  Debtor acknowledges that if the accounting history shows that they are late on the post petition mortgage payments, they will need some time to acquire the necessary funds to cure all post petition arrearages.


**CONCLUSION**

THEREFORE, Debtor's request that the motion filed be denied under 11 USC Section (d) (1) or (2), as it has not been shown what, if any, interest DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE has in this property, and if it is shown that DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE has an interest that any action on creditor's behalf be stayed for an adequate amount of time to allow Debtor's to become current on post petition mortgage arrears and/or stipulate to and Order Re Adequate Protection.

DATED this 14th day of October, 2009.

By: /s/ Ellen Stoebling
ELLEN STOEBLING, ESQ.
Nevada Bar No. 003166
3085 E. Russell Road
Suite F
Las Vegas, Nevada   89120
Attorneys for Debtor

-3-

"EXHIBIT 1"

**WILDE & ASSOCIATES**
Gregory L. Wilde. Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas. Nevada 89107
Telephone:  702 258-8200
bk@wildelaw.com
Fax:  702 258-8787
and
MARK S. BOSCO. ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO. P.A.
2525 East Camelback Road. Suite 300
Phoenix. Arizona 85016
Telephone: (602) 255-6000

Electronically Filed on _____

Deutsche Bank National Trust Company. as Trustee. under Pooling and Servicing Agreement dated as of April 1. 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass-Through Certificates, Series 2006 NC3

09-76715

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>Timothy L. Harris and Elizabeth A. Harris<br><br><br><br>        Debtor(s). | BK-08-10239-bam<br><br>Date:  11/3/09<br>Time: 1:30pm<br><br>Chapter 13 |

### <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

Deutsche Bank National Trust Company. as Trustee. under Pooling and Servicing Agreement dated as of April 1. 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass-Through Certificates. Series 2006 NC3

, Secured Creditor herein. ("Secured Creditor" or "Movant" hereinafter). alleges as follows:

1.    That on or about January 11, 2008, the above named Debtors filed their current Chapter 13 Petition in Bankruptcy with the Court.

2.      Secured Creditor is the current payee of a promissory note dated December 23, 2005 in the principal sum of $240,800.00 ("Promissory Note" herein), secured by a Real Property Trust Deed of same date ("Trust Deed" herein) upon property generally described as 7816 Ducharme Ave., Las Vegas, NV 89145, and legally described as follows:

LOT THIRTY-ONE (31) IN BLOCK ELEVEN (11) OF CHARLESTON RAINBOW UNIT NO. 17-A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 24, OF PLATS, PAGE 34 AND AMENDED BY CERTIFICATE OF AMENDMENT RECORDED JUNE 14, 1979 AS DOCUMENT NO. 012899, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

("subject property" herein).

3.      Secured Creditor is informed and believes, and, based upon such information and belief, alleges that title to the subject property is currently vested in the name of Debtor and that the Debtor is in default of the loan obligations.

4.      With respect to secured Creditor's trust deed the following is due and owing:

| | |
|---|---|
| Unpaid Principal Balance | $240,800.00 |
| 2 Late Charge(s) at $77.76 (August 1, 2009 - September 1, 2009) | $155.52 |
| 3 Monthly Payments(s) at $1,629.84 (August 1, 2009 - October 1, 2009) | $4,889.52 |
| Suspense Amount | ($1,481.08) |
| Motion Filing Fee | $150.00 |
| Attorneys Fees | $750.00 |
| Total Arrearages | $4,463.96 |

Furthermore, a payment becomes due on November 1, 2009 and on the first (1st) day of every month thereafter, and a late charge becomes due on any payment not paid within fifteen (15) days from the date the monthly payment is due.

5.      Movant is informed and believes and therefore alleges that the Debtor and bankruptcy estate have insufficient equity in the property.  The fair market value of the property pursuant to Debtor's Schedule "A" is $311,000.00, less ten percent (10%) cost of marketing, less the first and second secured liens resulting in insufficient equity.  Therefore, secured creditor is not adequately protected.  A true and correct copy of the Debtor's Schedule "A" is attached hereto as Exhibit "A".

6.      Secured Creditor has elected to initiate foreclosure proceedings on the Property with respect to the subject Trust Deed: however Secured Creditor is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

7.      Secured Creditor has incurred to date attorney's fees of approximately $750.00.

8.      Secured Creditor urges that this Court issue and Order herein permitting this Secured Creditor to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

9.      Secured Creditor's Information Sheet as to the extent of liens and encumbrances against the subject property is attached hereto as Exhibit "B" and incorporated herein by reference. Secured Creditor will seek leave of Court to specify any further encumbrances against the subject property at the time of hearing.

10.     Rick A. Yarnall has been appointed by this Court the Chapter 13 Trustee in this instant Bankruptcy proceeding.  By virtue of the position as Trustee of the estate of Debtor herein, Debtor holds title to the subject property in that capacity.  To the extent the relief sought herein is granted, Respondent, Rick A. Yarnall, Trustee, is bound any such judgment.

11.     This Court has jurisdiction of this action pursuant to the provisions of 11 U.S.C. Section 362(d).

12.     Secured Creditor asserts that a foreclosure proceeding has not been initiated concerning the subject property.  As a result, Secured Creditor asks the Court to waive the requirement of notifying other lien holders as detailed in Local Rule 4001 (a)(1).  Such lien holders will be notified of a foreclosure proceeding if and when one is initiated.

WHEREFORE, Secured Creditor prays judgment as follows:

(1)     For an order granting relief from the Automatic Stay, and permitting this Secured Creditor to move ahead with foreclosure proceedings under this Secured Creditor's Trust Deed and to sell the subject property at a Foreclosure Sale under the items of said Trust Deed, including necessary action to obtain possession of the Property.

(2)     For a finding that Rule 4001(a)(3) of the Rules of Federal Bankruptcy Procedure is not applicable and Secured Creditor may immediately enforce and implement the order for relief from the automatic stay.

(3)     In the alternative. an Order requiring the Debtor to reinstate and maintain all obligations due under all of the trust deeds encumbering the subject property and further allowing Secured Creditor with the remedies to proceed with foreclosure should the Debtor not maintain payments.

(4)     For attorneys' fees and costs of suit incurred herein.

(5)     For such other and further relief as this Court deems appropriate.

DATED _____10-8-09_____.

WILDE & ASSOCIATES

By___/S/GREGORY L. WILDE___

GREGORY L. WILDE, ESQ.
Attorney for Secured Creditor
208 South Jones Boulevard
Las Vegas, Nevada 89107

20051227-0000411

Fee: $33.00
N/C Fee: $25.00

12/27/2005          09:02:10
T20050232896
Requestor:
    NEVADA TITLE COMPANY

Frances Deane          CDO
Clark County Recorder  Pgs: 20

Assessor's Parcel Number:
138-33-513-037
Return To: New Century Mortgage
Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612

~~Prepared By:~~ New Century Mortgage
Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612
~~Recording Requested By:~~ New Century
Mortgage Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612

05-11-1280-STW

——————————[Space Above This Line For Recording Data]——————————

## DEED OF TRUST

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  December 21, 2005
together with all Riders to this document.
(B) "Borrower" is ELIZABETH HARRIS and TIMOTHY HARRIS, Wife and Husband, As
Joint Tenants

Borrower is the trustor under this Security Instrument.
(C) "Lender" is New Century Mortgage Corporation

Lender is a Corporation
organized and existing under the laws of California

1005563516

NEVADA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3029  1/01
VMP®-6(NV) (0307).01
Page 1 of 15          Initials:
VMP Mortgage Solutions (800)521-7291

Lender's address is 18400 Von Karman, Suite 1000, Irvine, CA 92612

Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is NEVADA TITLE COMPANY

(E) "Note" means the promissory note signed by Borrower and dated December 21, 2005
The Note states that Borrower owes Lender TWO HUNDRED FORTY THOUSAND EIGHT HUNDRED
AND 00/100                                                                         Dollars
(U.S. $240,800.00        ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than 01/01/2036
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider   [ ] Condominium Rider              [ ] Second Home Rider
[ ] Balloon Rider           [ ] Planned Unit Development Rider [ ] 1-4 Family Rider
[ ] VA Rider                [ ] Biweekly Payment Rider         [X] Other(s) [specify]
                                                                Prepayment Rider

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard

-6(NV) (0307).01            Page 2 of 15          Initials: _____    1005563516
                                                                    Form 3029  1/01

to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of CLARK :

[Type of Recording Jurisdiction]        [Name of Recording Jurisdiction]

See Legal Description Attached Hereto and Made a Part Hereof

Parcel ID Number: 138-33-513-037                    which currently has the address of
7816 DUCHARME AVENUE                                                            [Street]
LAS VEGAS                            [City], Nevada 89145 -          [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items

                                                                    1005563516
-6(NV) (0307).01              Page 3 of 15       Initials: _EH_        Form 3029   1/01